UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-491-GW(JPRx)** | Date | February 1, 2018 |
| Title | *Hollyvale Rental Holdings, LLC v. Esperanza Tapia, et al.* | Page | 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – ORDER REMANDING THE PRESENT UNLAWFUL DETAINER ACTION**

      Plaintiff Hollyvale Rental Holdings, LLC brought this unlawful detainer action against Defendant Esperanza Tapia in the Superior Court for the State of California, County of Los Angeles, on October 17, 2017. *See generally* Notice of Removal ("NOR"), Exhibit A (Complaint) Docket No. 1. The following day, October 18, 2017, Defendant answered the Complaint. *See generally* NOR, Exhibit B (Answer). 93 days later, on January 19, 2018, Defendant removed the action to this Court. *See generally* NOR. Defendant alleges that the Court has federal question jurisdiction over this matter. *See id.* ¶ 3 ("This Court had original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action arising under federal law and in which a federal statute is drawn in controversy.").

      The Complaint makes no mention of federal law. In fact, it expressly states that the unlawful detainer action is brought under California Code of Civil Procedure § 1161a. *See* Complaint ¶ 12. The Answer, filed months ago, makes no mention of federal law. The first instance of a federal statute being raised in this action comes in the Notice of Removal which alleges that Plaintiff violated the Protecting Tenants at Foreclosure Act of 2009.[1] *See* NOR ¶ 7. It makes no difference whether this contention was raised in the answer, however, as "[w]hether a case 'arises under' federal law does not depend on matters raised in the answer. The Supreme Court has rejected proposals that the answer as well as the complaint be consulted before a determination is made whether the case 'arises under' federal law." O'Connell & Stevenson:

---

[1] The protections provided to tenants by this statute relating to the effect of foreclosure on a preexisting tenancy were repealed by a sunset provision and are no longer applicable. *See* Pub. L. No. 111-22, § 704, 123 Stat. 1162, as amended (2009).

*Federal Civil Procedure Before Trial: California and Ninth Circuit Editions* § 2:731 (Rutter Grp. 2017) (citing *Holmes Grp, Inc. v. Vornado Air Circulation Sys., Inc.* 535 U.S. 826, 831 (2002)). No federal question arises under the Complaint. Accordingly, the Court does not have jurisdiction and *sua sponte* remands this matter to the Superior Court for the State of California, County of Los Angeles.[2]

---

[2] The Court additionally notes that Defendant did not timely remove this action as she did so 93 days after answering the Complaint. *See* 28 U.S.C. § 1446(b); *but see* NOR ¶ 8 (stating in conclusory fashion that "[t]his notice of removal is timely filed.").